UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIKA MUNIZ-OCHOA,

        Movant,

                                                                   File No. 1:04-CV-472

v.

                                                                   HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.

                                           /

**O P I N I O N**

This matter comes before the Court on Movant Erika Muniz-Ochoa's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

**I.**

On March 7, 2003, Movant entered a plea of guilty in this Court pursuant to a written plea agreement to one count of illegal reentry by an alien who had previously been convicted of an aggravated felony offense in violation of 8 U.S.C. § 1326(b)(2). On May 13, 2003, she was sentenced to 70 months in prison, three years supervised release, a fine in the amount of $1,000, and a $100 special assessment. Movant did not appeal her sentence.

On July 19, 2004, Movant filed this § 2255 motion alleging ineffective assistance of counsel and violation of Rules 11 and 32 of the Federal Rules of Criminal Procedure. On

November 29, 2004, Movant filed an application to reopen her § 2255 motion in light of *Blakely v. Washington*, 124 S. Ct. 2531 (2004).

## II.

Motions under § 2255 are subject to a one-year limitations period which generally begins to run on "the date on which the judgment of conviction becomes final."[1] 28 U.S.C. § 2255 ¶ 6(1). Movant's judgment of conviction was entered on May 13, 2003. She did not appeal her conviction. Accordingly, her conviction became final on May 23, 2003, ten days after the entry of judgment. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). Movant filed her § 2255 motion on July 19, 2004. The government has moved to dismiss Movant's § 2255 motion because it was not filed within a year after her conviction became final.

---

[1] The limitations period runs from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 ¶ 6.

Movant does not deny that her § 2255 motion was filed more than one year after her conviction became final. She does not suggest that the limitations period should be measured from some other date, nor does she suggest that the limitations period should be equitably tolled. Her only response to the motion to dismiss is that the one-year statute of limitations violates the Suspension Clause of Article I of the United States Constitution[2] because it creates a procedural trap that permanently deprives an inmate of access to federal court.

Although the Sixth Circuit has not ruled on the constitutionality of the one-year limitations period, all of the courts of appeals that have considered the issue have held the one-year statute of limitations constitutional in the face of per se challenges brought under the Suspension Clause of the United States Constitution, Art. I, § 9, cl. 2. *See, e.g., Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003); *Johnson v. United States*, 340 F.3d 1219, 1228 n.8 (11th Cir. 2003); *Corjasso v. Ayers*, 278 F.3d 874, 880 (9th Cir. 2002); *Delaney v. Matesanz,* 264 F.3d 7, 12 (1st Cir. 2001); *Wyzykowski v. Dep't of Corr*s., 226 F.3d 1213, 1217 and n. 3 (collecting cases). In light of this authority this Court is satisfied that the one-year limitations period for § 2255 motions does not violate the constitution. Because there is no question that Movant's § 2255 motion was untimely, it must be dismissed.

---

[2]The Suspension Clause provides:

> The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.

U.S. CONST. Art. I, § 9, cl.2.

### III.

The Court also notes that even if Movant's § 2255 motion had been timely filed, it would nevertheless be subject to dismissal because it lacks merit. Movant's § 2255 motion is based upon her contention that counsel was ineffective at all stages of her plea and sentencing.

To make out a claim of ineffective assistance of counsel, Movant must show that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced the Defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Although resolution of the issue of ineffective assistance of counsel will often require an evidentiary hearing, no hearing is required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255. The district court is not required to have an evidentiary hearing if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

In the instant case Movant's claims are both contradicted by the record and inherently incredible. Movant claims her plea was not voluntary because she does not understand

English, she was appointed counsel who did not speak Spanish, her counsel did not explain what rights she was giving up, and he induced her to enter a plea by tactics and threats. Contrary to Movant's assertions, at the time of her plea Movant was represented by Pedro Ferrer, an attorney whose native language is Spanish. An interpreter assisted her at the time of her plea. Her plea was embodied in a written plea agreement. Movant assured the Court during her plea that she had read and discussed the plea agreement with her attorney, that she understood her rights, that she understood the charge against her, that she understood the plea agreement, that her plea was not the result of any promises, inducements or threats, and that she was satisfied with counsel's representation. Movant gave a factual basis on the record to support her guilty plea to aggravated illegal reentry.

Now Movant claims that her representations to the Court were not reliable because this was her first conviction and she was afraid. This assertion is also flatly contradicted by the record. This was not Movant's first conviction. Movant entered a plea of guilty to re-entry after having previously been convicted of a felony. Movant's presentence report reveals that she had five prior arrests and a criminal history category of V. Contrary to her assertions, she was not a novice to the criminal justice system.

Movant's challenges to her sentence are similarly contradicted by the record. The majority of her challenges are not even tailored to her individual circumstances. Movant challenges the length of her sentence because of "the unusual severity of her sentence for a routine narcotic case." Movant was not convicted or sentenced by this Court on a narcotics

charge, but on a re-entry charge. Movant challenges the presentence investigation report because of factual inaccuracies in the quantity of drugs, criminal history and relation with co-defendants. Movant was not sentenced for drugs, she did not have any co-defendants, and she has not identified which of her five prior arrests was inaccurate. Although Movant claims that counsel did not adequately represent her at sentencing, both Mr. Ferrer and Angela Ross, who substituted in as counsel at sentencing, filed motions for a downward departure based upon Movant's family circumstances. Movant was sentenced at the low end of the guideline range.

Movant has not made a credible ineffective assistance of counsel claim. Movant's assertions are contradicted by the record and inherently incredible. Accordingly, in addition to its untimeliness, Movant's § 2255 motion is also subject to dismissal for lack of merit.

## IV.

The *Blakely* argument Movant raised in her application to reopen her § 2255 motion is now governed by the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), which applied the *Blakely* reasoning to the Federal Sentencing Guidelines. Under *Booker*, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756.

The Supreme Court directed that its holding in *Booker* be applied to all cases on direct review. *Id.* at 769. Movant's conviction became final on May 23, 2003, ten days after her sentence, because she did not file an appeal. *See Sanchez-Castellano*, 358 F.3d at 427 (if defendant does not file an appeal, his judgment becomes final upon the expiration of the period in which he could have appealed). Movant's case was no longer on direct review in 2005 when *Booker* was decided. The general rule is that "federal habeas corpus petitioners may not rely on new rules of criminal procedure handed down after their convictions have become final on direct appeal." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) (citing *Schriro v. Summerlin*, 124 S. Ct. 2519, 2523 (2004)). In *Humphress* the Sixth Circuit determined that the rule announced in *Booker* does not fall within either of *Teague's* two exceptions to this general rule of nonretroactivity. *Id.* at 862-63. Because *Booker* does not apply retroactively in collateral proceedings, Movant's *Booker* argument is without merit.

The files and records in this case conclusively show that the Movant is entitled to no relief under § 2255. Accordingly no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied. An order consistent with this opinion will be entered.

Date:     June 23, 2005              /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE